United States District Court
Southern District of Texas

**ENTERED**

October 09, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT R. JONES III, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00142 |
| | § | |
| JESSICA MARIE MCCLEAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Robert R. Jones III ("Jones") filed this lawsuit on April 30, 2020, against three defendants, including Jessica Marie McClean ("McClean").  Jones, a lawyer, contends that the defendants participated in a fraudulent scheme to defraud him of legal fees.

Before me is McClean's Motion to Dismiss.  *See* Dkt. 9.  McClean asks me to dismiss the case for two, independent reasons.  First, McClean claims that the case should be dismissed under Federal Rule of Civil Procedure 12(b)(5) because she has not been personally served with the Complaint and Summons.  Second, McClean asserts that the case should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  I will address each argument in turn.

### RULE 12(b)(5)

Rule 12(b)(5) authorizes a court to dismiss a civil action when service of process is inadequate.  *See* FED. R. CIV. P. 12(b)(5).  "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect

timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.

1990).   A district court generally enjoys "broad discretion to dismiss an action for

ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634,

645 (5th Cir. 1994).   However, dismissal under Rule 12(b)(5) is inappropriate when there

is a reasonable likelihood that a plaintiff can still properly effectuate service.   *See Luv N'*

*Care, Ltd., Group Rimar*, No. 14-2491, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014);

*Cockerham v. Rose*, No. 3:11-cv-277-B, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18,

2011).

McClean argues that she was not personally served with the Complaint and

Summons.   Instead, she states the Complaint and Summons were simply left outside of her

residence in Florida.   This unquestionably fails to constitute proper service.   Rule 4(e)

allows service upon an individual defendant by: (1) serving the defendant pursuant to state

law where the district court is located or service made; (2) personal service upon the

defendant; (3) leaving copies of the summons and the complaint at the defendant's

residence with a person of suitable age and discretion; or (4) delivering a copy of the service

documents to the defendant's agent who is authorized to accept service by appointment or

by law.   *See* FED. R. CIV. P. 4(e).   "Leaving a summons and complaint at a residence door,

unaccompanied by a refusal to accept service, is not effective service under Rule 4." *Norris*

*v. Causey*, 869 F.3d 360, 370 (5th Cir. 2017).   Texas and Florida law likewise do not allow

service in this manner.   *See* TEX. R. CIV. P. 106; FLA. STAT. ANN. § 48.031(1)(a) (West

2020).

To his credit, Jones acknowledges that he failed to properly serve McClean and requests an additional 60 days to effectuate proper service. I find the 60-day extension requested by Jones appropriate. Because there is no doubt that Jones can properly serve McClean, it serves no imaginable purpose to dismiss this lawsuit and require Jones to start from scratch by filing a new lawsuit. All this said, I do note that Jones has failed to serve McClean within 90 days of the lawsuit being filed, as required by Rule 4(m). He will be given one more chance to effect proper service. Service must be accomplished by December 7, 2020. If service is not completed in a timely fashion, the case against McClean will be dismissed.

## RULE 12(b)(6)

Rule 12(b)(6) provides that a defendant is entitled to dismissal when the plaintiff fails to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing a pleading under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701(5th Cir. 2017) (internal quotation marks and citation omitted).

The First Amended Complaint alleges that McClean and several other individuals got together and formed a law firm known as "Volks Anwalt." *See* Dkt. 5. The law firm

3

reportedly reached out to Jones and convinced him to handle cases in various parts of Texas for the firm.  Jones claims he completed work for more than 20 firm clients but maintains that he never received compensation for his work.  He then filed this lawsuit against McClean and several entities asserting causes of action for breach of contract, breach of fiduciary duty, fraud, and conspiracy.

Relying on Rule 12(b)(6), McClean argues that dismissal is appropriate because Jones "has improperly linked Defendant McClean with the other Defendant companies and without justification beyond a mere recitation of facts found in public record[s] from unrelated litigation."  Dkt. 9 at 2.

Although the First Amended Complaint is far from a picture of clarity, it certainly lays out enough factual allegations to put McClean on fair notice of what the claims are and the grounds upon which they rest.  After reading the First Amended Complaint, it is clear to me that the thrust of Jones's claim is that McClean and others conspired to have him conduct legal work and then not pay him for the services rendered.  The issue at the motion to dismiss stage is not whether Jones will ultimately prevail in the lawsuit, but whether he is entitled to offer evidence to support his claims.  Because the complaint must be liberally construed in favor of Jones, I conclude that the live pleading passes muster at this early stage of the case—at least with respect to the causes of action other than breach of contract.

In terms of the breach of contract claim specifically, McClean argues that Jones "has failed to show that he had any contractual relationship with Defendant McClean."  *Id.* at 2–3.  I wholeheartedly concur.  Although the lawsuit alleges that Jones and the Volks

Anwalt law firm entered into some sort of agreement, there is nary a mention of a contract between Jones and McClean. Put succinctly, there are no facts alleged that would allow me to draw the reasonable inference that McClean is liable for breaching any contract with Jones. With no such factual allegations, the breach of contract claim against McClean should be dismissed.

## CONCLUSION

For the reasons set forth above I **RECOMMEND** that the Motion to Dismiss be **GRANTED in part and DENIED in part**. Specifically, I recommend that McClean's request for relief under Rule 12(b)(5) be denied insofar as it requests dismissal, and that Jones be given until December 7, 2020 to effect service. In terms of Rule 12(b)(6), I recommend that the breach of contract claim against McClean be dismissed, but all other claims for affirmative relief survive for the time being.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this ____ day of October, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE