United States District Court
Southern District of Texas
**ENTERED**
June 24, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ROBERT R. JONES III, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00142 |
| | § | |
| JESSICA MARIE MCCLEAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Plaintiff's Motion for Entry of Default Judgment. Dkt. 28. Having considered the motion, the record, and the applicable law, I recommend that the motion be **DENIED**. I further recommend that the claims brought against Adamantium Processing LLC ("Adamantium") be dismissed under Federal Rule of Civil Procedure 12(b)(6) and that the claims against Jessica Marie McClean ("McClean") be dismissed under Rule 4(m). I also **ORDER** Plaintiff Robert R. Jones III ("Jones") to show cause as to why the claims against the other defendants should not be dismissed for his failure to timely effectuate service.

## BACKGROUND

Jones filed this lawsuit on April 30, 2020, naming Adamantium and Synergy Virtual Services LLC ("Synergy") as defendants. Jones filed a First Amended Complaint on June 29, 2020, adding McClean as a defendant. On September 16, 2020, McClean filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), claiming that she was not personally served with the First Amended Complaint and summons. Jones acknowledged that he failed to properly serve McClean and requested an additional 60 days to effectuate proper service. I granted that request, explaining: Jones "will be given one more chance to effect proper service. Service must be accomplished by December 7, 2020. If service is

not completed in a timely fashion, the case against McClean will be dismissed." Dkt. 11 at 3.

After requesting and receiving leave to file another amended complaint, Jones filed a Second Amended Complaint on January 22, 2021. This pleading added three more defendants to the mix: Craig Martin ("Martin"), Edwin Lay ("Lay"), and Volks Anwalt LLP ("Volks Anwalt").

Jones now moves for a default judgment. He contends that all the defendants were duly served with process but failed to appear and answer the lawsuit.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who "has failed to plead or otherwise defend." FED. R. CIV. P. 55. A defendant's obligation to respond to a complaint is not triggered until it has been "served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A). *See also Rogers v. Hartford Life & Accident Ins., Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint."). In determining whether a default judgment is appropriate, then, I must first consider whether the defendants were properly served. *See Broad. Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). As the party moving for default judgment, Jones bears the burden of proving that the defendant was properly served. *See RooR Int'l BV v. A1 Smoke Shop, Inc.*, No. 4:18-CV-3828, 2019 WL 6330543, at *2 (S.D. Tex. Oct. 18, 2019).

Even if a defendant has been properly served and is technically in default, a party is not entitled to a default judgment as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). That's because "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n.*, 874 F.2d 274,

276 (5th Cir. 1989) (footnote omitted). A request for default judgment "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The entry of a default judgment is generally committed to the sound discretion of the district court. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## ANALYSIS

I must examine each defendant individually to determine whether a default judgment is appropriate against that particular defendant. In the analysis that follows, I conclude that Jones has failed to establish that he properly served Volks Anwalt, Lay, Martin, and Synergy. Although Jones properly served Adamantium, default judgment is still inappropriate because Jones's complaint fails to state a claim against Adamantium. As for McClean, a default judgment should not be entered because Jones failed to comply with my previous order to properly serve McClean by the court-imposed deadline of December 7, 2020.

**A.    Default Judgment Against Volks Anwalt is Inappropriate.**

Let's start with Volks Anwalt. After searching the Court's docket sheet, I can confidently state that there is no return of service for Volks Anwalt. Without proper service of process, any default judgment against Volks Anwalt would be void. As such, I recommend that Jones's request for a default judgment against Volks Anwalt be denied.

**B.    Default Judgment Against Lay is Inappropriate.**

There is also no indication in the Court's file that Lay was ever served with the lawsuit and summons. With no executed return of service for Lay on file, default judgment against Lay is also inappropriate.

**C.    Default Judgment Against Martin is Inappropriate.**

There is a return of service on file indicating that Martin was served with a copy of the First Amended Complaint on December 29, 2020. *See* Dkt. 29. But

Martin was not identified as a defendant in the First Amended Complaint, and he is only required to answer a lawsuit in which he is specifically named as a defendant. *See Steele v. Turner Broad. Sys., Inc.*, 746 F. Supp. 2d 231, 237 (D. Mass. 2010) ("When a party is omitted from the complaint, it is entitled to conclude that it has no obligation to answer the complaint or defend against the lawsuit."). Although Martin was named as a defendant in the Second Amended Complaint, there is nothing in the Court's file that indicates Martin was ever served with a copy of the Second Amended Complaint. In other words, Martin had no notice that he had been named as a defendant in this lawsuit. Without notice of the allegations against him, Martin had "no duty to answer the complaint and [Jones] cannot obtain a default judgment." *Rogers*, 167 F.3d 937. *See also Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (finding default judgment improper when a party was first named as a defendant in the Second Amended Petition, but only served with the Original Petition which did not name the party as a defendant).

**D.    Default Judgment Against Synergy is Inappropriate.**

Turning to Synergy, I can find no return of service in the Court's file. The Federal Rules authorize service of a business organization "by delivering a copy of the summons and a complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). The record before me shows a return of service to "CRAIG MARTIN, PRESIDENT C/O SYNERGY VIRTUAL SERVICES LLC AKA NATIONAL FREEDOM PROJECT," but this is insufficient for two reasons. Dkt. 29. First, there is no pleading or affidavit suggesting that Martin is, indeed, an officer of Synergy. In fact, Martin submitted a letter to the Court explaining that he is not authorized to accept service on Synergy's behalf. *See* Dkt. 34. Second, each of the complaints in this case allege that Synergy's registered agent is "REGISTERED AGENTS, INC[.], 401 RYLAND ST[.] STE[.] 200-A, Reno, NV [] 89502." Dkt. 1 at 3; Dkt. 5 at 4; Dkt. 23 at 3. For whatever reason, Jones failed to

4

properly serve the entity he listed as the registered agent in the complaints he filed. In short, Jones has not satisfied his burden to show effective service of process. A default judgment should, therefore, not be entered against Synergy.

**E.     A Default Judgment Against Adamantium is Inappropriate.**

From reviewing the record, it appears that Adamantium has been properly served. A Verified Return of Service indicates that, on December 31, 2020, a process server served the summons and the First Amended Complaint on Adamantium's registered agent, Registered Agents, Inc., by leaving the documents with the receptionist at the company's office. *See* Dkt. 21. More than six months have passed since then, and Adamantium has failed to file a responsive pleading.

That does not, however, end the analysis. Although Adamantium is deemed to have admitted the allegations in the First Amended Complaint as a result of its default,[1] I must review the pleadings to determine whether there is "a sufficient basis in the pleadings for the judgment [to be] entered." *Nishimatsu*, 515 F.2d at 1206. When considering whether such a basis is presented, I must accept as true the First Amended Complaint's well-pleaded factual allegations—except regarding damages—and I must determine whether those facts raise a right to relief above the speculative level. *See Wooten*, 788 F.3d at 498. This low threshold is less rigorous than that under Rule 12(b)(6). *See id.* at n.3.

After carefully reviewing the First Amended Complaint, there is no conceivable basis for which I could impose liability on Adamantium. There are only two references to Adamantium in the entire First Amended Complaint. The first is in the "Parties" section, and that simply identifies Adamantium as a party, and

---

[1] Although the Second Amended Complaint is the live pleading, Jones served Adamantium with the First Amended Complaint roughly one month *before* he filed the Second Amended Complaint. Jones never served the Second Amended Complaint on Adamantium. "Because the claims against [Adamantium] are the same in both the [first] amended complaint and [second] amended complaint, except as to newly-added [parties], service of the [second] amended complaint is unnecessary." *Williams v. Eadgear Holdings USA, Inc.*, No. SA-13-CA-125-OLG, 2013 WL 12114865, at *1 (W.D. Tex. Aug. 2, 2013).

provides the address of its registered agent. The second is the following sentence contained in the "Statement of the Case" section of the First Amended Complaint: "Adamantium Processing had apparently collected the legal fees from the clients and contracted with me (Plaintiff) to handle the cases in various parts of Texas." Dkt. 5 at 4. That's it. Nowhere else in the First Amended Complaint is there any discussion, explanation, or analysis of what Adamantium allegedly did wrong, or why it should be liable to pay monetary damages to Jones. Although the threshold for pleading sufficiency is lower on a motion for default judgment than on a motion to dismiss, the First Amended Complaint comes nowhere close to satisfying this lenient standard as far as Adamantium is concerned.

From what I can discern from the First Amended Complaint, Jones contends that McClean, Volks Anwalt (who is not named as a defendant in this version of the complaint), and Synergy conspired to have him conduct legal work and then not pay him for his services. I cannot, however, tell from reading the First Amended Complaint what Adamantium did wrong. Causes of action for breach of contract, fraud, civil conspiracy, and fraudulent inducement are, apparently, asserted against all defendants included in the First Amended Complaint. The generalized language in that pleading, however, does nothing to tie Adamantium to any particular conduct. Jones has failed to identify any facts supporting the basic elements of these causes of action against Adamantium. Because the First Amended Complaint does not allege any plausible claims against Adamantium, I lack a "sufficient basis" to enter a default judgment against Adamantium.

For the reasons identified above, I also do not believe that the First Amended Complaint adequately states a claim for relief against Adamantium. I, thus, recommend dismissal of all claims against Adamantium under Rule 12(b)(6). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Just recently, the Fifth Circuit reaffirmed that "[a] district court may dismiss *sua sponte* a complaint for failure

to state a claim as long as the procedure employed is fair." *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021) (quotation omitted). Generally, "fairness in this context requires both notice of the court's intention and an opportunity to respond." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quotation omitted). The 14-day time frame for filing objections to my recommended dismissal provides Jones with notice and an opportunity to respond. *See Starrett v. U.S. Dep't of Def.*, No. 3:18-CV-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018); *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *2 n.1 (E.D. Tex. Sept. 26, 2008).

## F.    Default Judgment Against McClean is Inappropriate.

The Federal Rules are clear: "If a defendant is not served within 90 days after the complaint is filed, the court . . . *must* dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphases added). A court can eschew this general rule only where the "plaintiff shows good cause for the failure" to timely serve the defendant. *Id.* I have done everything in my power to avoid dismissing Jones's complaint against McClean, but I am now bound by law to recommend that his complaint be dismissed.

McClean was first named as a defendant to this lawsuit when Jones filed his First Amended Complaint on June 29, 2020. *See* Dkt. 5. Under Rule 4(m), Jones had to serve McClean within 90 days of adding her as a defendant—that is, by September 28, 2020. He failed to do so. Instead of dismissing the action as required, and as requested by McClean, I informed Jones that he had "one more chance to effect proper service," extending his deadline to serve McClean until December 7, 2020. Dkt. 11 at 3. Jones ignored my clear and unequivocal order. Instead, he waited until several weeks after that deadline to have a process server put a copy of the lawsuit and summons in the mail to McClean. Notice of the lawsuit was sent by certified mail to McClean in Jacksonville Beach, Florida, on December 31, 2020. *See* Dkt. 26. Putting aside the issue of whether service by

certified mail is proper, it is undisputed that the purported service on McClean took place *after* the expiration of this Court's December 7 deadline and 185 days after McClean was added as a defendant. My hands are now tied. Unless Jones can show "good cause" for his failure to effectively serve McClean, this action must be dismissed under Rule 4(m).

Not only has Jones failed to show good cause for this delay, he has offered no justification whatsoever for his complete disregard for this Court's order. This is especially problematic because service could have been easily accomplished by asking a process server to send the live complaint and summons to McClean on October 9, 2020—the day I generously agreed to extend the deadline for Jones to timely effect service. In that order, I specifically warned Jones that if he did not effectively serve McClean by December 7, 2020, the case against McClean would be dismissed. I am a man of my word.

Against this backdrop, I must recommend that the claims against McClean be dismissed under Rule 4(m) because Jones failed to timely serve McClean. *See Lewis v. Sec. of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."). Let me reiterate: not only did Jones fail to timely serve McClean, he failed to abide by a court order graciously extending the time provided by the Federal Rules, *and* he has shown no good reason for his actions. In our judicial system, it is imperative that parties be timely served with a lawsuit, and court orders be respected. Jones has failed on both counts.

I fully recognize that dismissing some of Jones's claims against McClean, even without prejudice, will effectively result in a dismissal with prejudice because the applicable statute of limitations may have expired. Where the Fifth Circuit has affirmed dismissals with prejudice, "it has generally found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."

8

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (cleaned up). In this case, the record contains clear evidence of two of the three aggravating factors. The delay in service was unquestionably caused by the plaintiff himself, who, ironically enough, is a licensed lawyer representing himself in this matter. Additionally, the delay in service was caused by intentional conduct—ignoring a court order which gave Jones a second chance to serve McClean.

In summary, I recommend that Jones's request for a default judgment against McClean be denied, and his claims against her be dismissed as required by Rule 4(m).

## ORDER TO SHOW CAUSE

This lawsuit was originally filed in April 2020, with amended complaints filed in June 2020 and January 2021. Under Rule 4(m), a case must be dismissed if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff can show "good cause" for the delay. More than 90 days have elapsed since the filing of the latest amended pleading, but, as explained above, proper service has still not been accomplished on Martin, Lay, Volks Anwalt, and Synergy. Jones is **ORDERED** to show cause in writing by **July 21, 2021**, why this case should not be dismissed under Rule 4(m).

## CONCLUSION

For the reasons provided above, Plaintiff's Motion for Entry of Default Judgment should be **DENIED**, and the claims against Adamantium and McClean should be **DISMISSED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

9

SIGNED this 24th day of June 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE